PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-5037
Non-Argument Calendar
_____

D. C. Docket No. 96-989-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILLERMO RODRIGUEZ-VELASQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(January 9, 1998)

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Defendant/Appellant Guillermo Rodriguez-Velasquez appeals his sentence, alleging that

the district court failed to afford him his right of allocution under Federal Rule of Criminal

Procedure 32(a)(1)(C).  Because Defendant waived his right to appeal that error and no manifest

injustice occurred, we AFFIRM Defendant's sentence.

## I. BACKGROUND

Defendant Rodriguez-Velasquez pled guilty to a charge of importation of cocaine and was sentenced to thirty-seven months in prison. The Court gave Defendant credit for acceptance of responsibility and sentenced Defendant at the lowest range within the Guidelines. Defendant had no objections to the amount of the prison sentence.

The government concedes that at the sentencing hearing, Defendant was not given an opportunity to exercise his right of allocution. However, the government argues that this Court nonetheless should affirm the sentence because Defendant waived his right to allocute. The district judge specifically asked whether there were any "Jones objections," and Defendant made no objections to the court's failure to afford Defendant the right of allocution:

| | |
|---|---|
| The Court: | Under U.S. versus Jones, is there anything further to be said at this time? |
| . . . | |
| Defendant's Attorney: | Nothing further, Judge. No objections on behalf of Jones. |

(R. 3-3 to 4) The government argues that this Court should affirm the sentence because Defendant failed to object and the court's denial of Defendant's right of allocution was not "manifest injustice" under the facts here.

## II. DISCUSSION

A. The Effect of Jones on Denial of the Right to Allocute

The government relies on United States v. Jones, 899 F.2d 1097 (11th Cir. 1990), overruled on other grounds, United States v. Morrill, 984 F.2d 1136 (11th Cir. 1993) (en banc), which held that "[w]here the district court has offered the opportunity to object and a party is

silent or fails to state the grounds for objection, objections to the sentence will be waived for purposes of appeal, and this court will not entertain an appeal based upon such objections unless refusal to do so would result in manifest injustice." Id. at 1103.

The only published Eleventh Circuit opinion this panel could locate addressing the effect of Jones on the right of allocution is United States v. Tamayo, 80 F.3d 1514 (11th Cir. 1996). In the resentencing hearing in Tamayo, the district court did not give the defendant an opportunity to allocute; however, the defendant failed to object. Id. at 1521. On appeal, this Court applied Jones's standard of review, holding that the defendant had waived his right to allocute and affirming absent any showing of "manifest injustice." Id. at 1521.

As Defendant notes, in two other recently published opinions, this Court summarily remanded cases for resentencing because of the district courts' failure to afford the defendants the right of allocution. United States v. Phillips, 936 F.2d 1252, 1255-56 (11th Cir. 1991) (rejecting the government's argument that addressing the defendant's counsel was sufficient); United States v. Taylor, 11 F.3d 149, 152 (11th Cir. 1994) (holding that in "proceedings that impose a new sentence after vacation of the original sentence . . . the defendant has a right to be present and allocute"); see also United States v. Medina, 90 F.3d 459, 465 n.8 (11th Cir. 1996) (explaining in a footnote unessential to its holding that "[f]ailing to address a defendant personally or failing to give a defendant the opportunity to make a statement requires resentencing"). However, in those cases, the government did not contend that the defendant had waived his right to allocute, and this Court did not discuss the effect of Jones on the right to allocute. Thus the only Eleventh Circuit case to address directly the issue here holds that a

defendant's failure to raise his right to allocute as a <u>Jones</u> objection constitutes waiver of that

right. <u>Tamayo</u>, 80 F.3d at 1521.[1]

In this case, the district court specifically asked for any <u>Jones</u> objections when sentencing

Defendant Rodriguez-Velasquez, and Defendant did not mention his right of allocution. Thus,

under <u>Jones</u>, Defendant waived his right to appeal the denial of his right of allocution. Once a

defendant has waived his right to allocute by failing to raise it as a <u>Jones</u> objection, this Court

will remand for resentencing only if manifest injustice would result otherwise. <u>Tamayo</u>, 80 F.3d

at 1521.

B.      Application of the "Manifest Injustice" Standard

In applying the "manifest injustice" standard in <u>Tamayo</u>, this Court explained "that a trial

court's failure to allow a defendant to allocute at sentencing is neither a constitutional error nor .

. . 'a fundamental defect which inherently results in a complete miscarriage of justice, nor an

omission inconsistent with the rudimentary demands of fair procedure." <u>Id.</u> at 1521-22 (citing

<u>Hill v. United States</u>, 368 U.S. 424, 428 (1962)). Turning to the facts of the particular case, the

<u>Tamayo</u> court noted that the defendant was given an opportunity to allocute at his original

sentencing, that the resentencing was limited in scope, and that the defendant failed to take

advantage of the district court's invitation to file supplemental authority and objections within

---

[1] The government perceives <u>Tamayo</u> to be inconsistent with <u>Phillips</u> and <u>Taylor</u>, but that inconsistency is more apparent than real. In any event, this panel is obliged "if at all possible, to distill from apparently conflicting prior panel decisions a basis of reconciliation and to apply that reconciled rule." <u>United States v. Hogan</u>, 986 F.2d 1364, 1369 (11th Cir. 1993). The best basis of reconciliation between the cases is that only <u>Tamayo</u> discusses the effect of <u>Jones</u> on the right to allocute.

4

ten days of the resentencing hearing.  Id. at 1522.  The court thus found no "manifest injustice" and no reversible error.  Id.

In this case, Defendant Rodriguez-Velasquez raised no objections to the amount of the sentence and was given the lowest possible sentence within the Guidelines.  Thus, denying Defendant his right of allocution was harmless error and not "manifest injustice."  We therefore AFFIRM Defendant's sentence.