[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 30, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14273

_____

D.C. Docket No. 06-20082-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN MOLINA SAVEDRA

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 30, 2007)**

Before ANDERSON and PRYOR, Circuit Judges, and VINING,  District Judge.

PER CURIAM:

---

 Honorable Robert L. Vining, Jr., United States District Judge for the Northern District of Georgia, sitting by designation.

Juan Molina Savedra appeals his sentence for re-entering the United States after being deported, in violation of 8 U.S.C. § 1326(a). Although the advisory guidelines range in this case was 33 to 41 months, the district court instead sentenced Savedra to a term of 120 months. In doing so, the court first properly calculated the applicable guidelines range, and then it opined that even an upper guideline sentence of 41 months would not be appropriate under 18 U.S.C. § 3553(a) considering Savedra's history of repeatedly entering the United States illegally and committing crimes while here. The court therefore went beyond the guideline range and determined that a 120-month sentence more adequately satisfied the § 3553(a) factors.

Savedra makes four arguments on appeal. First, he argues that the district court erred by failing to give adequate notice that it intended to depart upward from the guidelines in violation of his due process rights and Fed. R. Crim. P. 32(h). As an initial matter, we review this matter for plain error because the defendant failed to object to an alleged error at sentencing on this ground "in clear and simple language that the trial court may not misunderstand it." United States v. Massey, 443 F.3d 814, 819 (11th Cir. 2006). After careful consideration, we find no reversible error.

Pursuant to Rule 32(h), a sentencing court is required to give a defendant reasonable notice that it is considering a departure from the applicable guideline

range on a ground not identified for departure either in the Presentence Investigation Report or in a party's prehearing submission. It is undisputed that the district court below did not give prior notice that it was contemplating an outside-the-guidelines sentence for Savedra. However, we have held that Rule 32(h) does not apply where a court is going to impose an upward variance and give a sentence above the advisory guideline range pursuant to its authority under § 3553(a). United States v. Irizarry, 458 F.3d 1208, 1211-12 (11th Cir.), petition for cert. filed, (U.S. Oct. 26, 2006)(No. 06-7517). The Rule 32(h) notice requirement pertains only to sentencing departures made pursuant to the guidelines, not a variance made under § 3553(a).

This court has considered, inter alia, two factors in determining whether a decision to sentence a defendant above the guideline range is a departure or a variance: (1) whether the sentencing court cited to a specific departure provision in the guidelines, and (2) whether the court noted the inadequacy of the guidelines range. United States v. Eldick, 443 F.3d 783, 788 n.2 (11th Cir. 2006). Using a similar framework in Irizarry, we determined that where the district court (1) correctly calculated the advisory guidelines range, (2) considered the adequacy of the range in light of the § 3553(a) factors, and the evidence at sentencing, and (3) decided that the guidelines range did not adequately address the defendant's future risk to the public,

the district court had used a variance, not a guidelines departure. <u>Irizarry</u>, 458 F.3d at 1211-12.

In this case, the district court did not commit plain error by failing to give Savedra Rule 32(h) notice because it did not apply a guidelines departure; rather, it used an upward variance to sentence him above the guidelines range. Not only did the court first properly calculate the defendant's guidelines range, but at sentencing the court did not cite to a specific departure provision. Moreover, the court opined several times that a guidelines-range sentence would not adequately address the § 3553(a) factors. Although the government stated that an upward departure could be used, the district court referred only to the § 3553(a) factors and its consideration of the nature and circumstances of the offense as well as the defendant's history and characteristics. Thus, the district court used an upward variance, not a departure, and therefore did not need to provide notice to Savedra.

Second, Savedra asserts that the district court erred by failing to invite him to allocute before it announced its sentence, in violation of Fed. R. Crim. P. 32(i)(4)(A)(ii). He also argues that this court should not review this issue under merely a plain error standard because the district court failed to fully comply with the elicitation rule announced in <u>United States v. Jones</u>, 899 F.2d 1097, 1103 (11th Cir.

1990), overruled in part on other grounds by United States v. Morrill, 984 F.2d 1136 (11th Cir. 1993)(en banc).

Turning initially to Savedra's contention that the district court violated our rule in Jones, we conclude that it did not. The district court gave the defendant an opportunity to object to its findings of fact and the manner in which it pronounced its sentence. Although the court did not specifically provide an opportunity to object also to its legal conclusions, as we suggested in Jones, it nevertheless afforded the defendant a sufficient chance to raise and articulate any objection he may have had, which is sufficient to comply with the Jones rule. See United States v. Wilson, 983 F.2d 221, 225-26 (11th Cir. 1993). In any event, Savedra took that opportunity to object only to the reasonableness of the sentence, not to the timing of his allocution. Consequently, he waived his right to allocution by failing to raise it as a Jones objection, and we will remand for resentencing only if manifest injustice would result otherwise. United States v. Rodriguez-Valesquez, 132 F.3d 698, 700 (11th Cir. 1998). Because the case law in this circuit equates manifest injustice with the plain error standard of review, United States v. Quintana, 300 F.3d 1227, 1232 (11th Cir. 2002), we review this issue for plain error.

With respect to the district court's manner in which it pronounced its sentence, we conclude that no plain error occurred. Rule 32(i)(4)(A)(ii) plainly requires a

5

sentencing court to permit a defendant to make a statement and present any mitigating information before handing down a sentence. This requirement provides the defendant with an opportunity to personally plead for leniency and "to have that plea considered by the court in determining the appropriate sentence." United States v. Gerrow, 232 F.3d 831, 833 (11th Cir. 2000). Savedra's argument is that the court pronounced its sentence before allowing him to allocute. However, a careful review of the record shows that the court merely opined that a 120-month sentence satisfied the § 3553(a) factors before it invited Savedra to allocute. Upon the court's invitation, Savedra apologized for his actions and promised he would never return to this country. The court then formally imposed its sentence. Although the court may have expressed its opinion about Savedra's sentence before the allocution, it nevertheless waited until after the defendant spoke to formally sentence him. Savedra thus had the timely opportunity to plead to the court for leniency before sentencing, so no plain error occurred.

Third, Savedra asserts error because the district court failed to consider a guidelines upward departure before imposing an upward variance. Since he made no objection at the sentencing based on this objection, we review this issue for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).

6

We have already concluded that the district court properly calculated the defendant's guidelines range before it elected to use an upward variance. Notably, Savedra points to no law requiring a sentencing court to first consider a guidelines departure before looking to the § 3553(a) factors to vary a sentence upward. We find no plain error in the district court's election not to consider a guidelines upward departure before imposing an upward variance. As for Savedra's contention that the district court did not consult the guidelines policy statements before varying upward as required by § 3553(a)(5), we disagree. In imposing the sentence, the court explicitly stated that it had considered each of the § 3553(a) factors, which include the consideration of pertinent policy statements.

Lastly, Savedra asserts that his 120-month sentence was unreasonable because it creates a risk of sentencing disparity and is unnecessarily severe. He notes that that the government presented no aggravating factors against him, and he contends that his case did not involve extraordinary circumstances warranting his long sentence.

We review post-<u>Booker</u> sentences for reasonableness. <u>United States v. Talley</u>, 431 F.3d 784, 785 (11th Cir. 2005). The Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220, 261, 125 S.Ct. 738, 765-66 (2005), mandated that courts review sentences for reasonableness in light of the factors set forth in § 3553(a). A party challenging a sentence bears the burden of establishing unreasonableness in

7

light of the § 3553(a) factors and the record below. Talley, 431 F.3d at 788. A remand for resentencing is warranted "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006).

The defendant's sentence, although significantly higher than the guidelines maximum, was still ten years below the statutory maximum of twenty years' imprisonment. 8 U.S.C. § 1326(b)(2). In sentencing the defendant, the court stated ample reasoning for its decision to vary upward from the guidelines maximum. Specifically, the court recalled how Savedra had repeatedly been deported or returned to Mexico for illegal entry, and that each time he had managed to enter this country he committed serious crimes. Further, the court stated that a high-end guidelines range sentence of 41 months would not adequately deter Savedra from future criminal conduct or reflect his characteristics under § 3553(a), recounting his numerous arrests, prison sentences, and re-entries back into the country. Thus, the district court explicitly consulted several of the § 3553(a) factors and provided ample reasoning for its decision to vary upward from the guidelines. Our review for reasonableness is deferential and the particular weight accorded to any of the § 3553(a) factors is left

8

to the district court's sound discretion.  <u>United States v. Amedeo</u>, 487 F.3d 823, 832-33 (11th Cir. 2007).  After carefully considering Savedra's argument, we are not persuaded that his sentence was unreasonable or that the district court committed clear error of judgment in weighing the § 3553(a) factors in light of the facts of this case.  Therefore, Savedra's sentence was reasonable, and we affirm.

**AFFIRMED**