[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-11365
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 30, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00261-CR-T-23MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRINIDAD FLORES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 30, 2007)**

Before ANDERSON, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Trinidad Flores appeals his conviction for conspiracy to distribute, and to possess with intent to distribute, five kilograms or more of cocaine, a violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). After signing a written plea agreement, Flores

pled guilty before a magistrate judge, who conducted the plea colloquy, with Flores's written consent, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 6.01(c)(12) of the Local Rules of the United States District Court for the Middle District of Florida. The district court subsequently accepted Flores's plea according to the magistrate judge's report and recommendation ("R&R"), to which Flores filed no objections within 10 days, as he was required to do under Rule 59 of the Federal Rules of Criminal Procedure and Local Rule 6.02(a). Flores now challenges the validity of the plea colloquy, arguing that he was confused during the proceedings and that the magistrate judge failed to make necessary factual findings. We affirm.

As a threshold matter, which we find dispositive, the government says that Flores waived his challenge to the plea proceedings before the magistrate judge, because he failed to object to the R&R before the district court adopted it. Rule 59(b) of the Federal Rules of Criminal Procedure provides the following: "A district judge may refer to a magistrate judge for recommendation . . . any matter that may dispose of a charge or defense." Fed. R. Crim. P. 59(b)(1). The rule further states: "Within 10 days after being served with a copy of the [magistrate judge's] recommended disposition . . . a party may serve and file specific written objections to the proposed findings and recommendations. . . . <u>Failure to object in</u>

2

accordance with this rule waives a party's right to review." Fed. R. Crim. P. 59(b)(2) (emphasis added). The foregoing waiver provision was adopted in 2005, and the Advisory Committee explained that the provision "is intended to establish the requirements for objecting in a district court in order to preserve appellate review of magistrate judges' decisions." Fed. R. Crim. P. 59 Advisory Committee's Note (2005) (emphasis added).

We recently addressed the difference between waiver of a constitutional claim and forfeiture of such a claim in United States v. Lewis, 492 F.3d 1219 (11th Cir. 2007) (en banc). "[W]aiver is the intentional relinquishment of a known right, whereas the simple failure to assert a right, without any affirmative steps to voluntarily waive the claim, is a forfeiture to be reviewed under the plain error standard embodied in Rule 52(b)." Id. at 1222. We will affirm the district court's decision when the defendant waived his right to appeal an error. United States v. Rodriguez-Velasquez, 132 F.3d 698, 698 (11th Cir. 1998).

Here, pursuant to the plain language of Rule 59(b)(2) and the Advisory Committee's commentary, Flores waived his challenge to the plea colloquy by failing to object to the magistrate judge's R&R within ten days of its entry. By virtue of Rule 59 and the R&R, which advised Flores that he had to file objections to the R&R within 10 days, Flores was on notice that he was required to object,

3

within ten days, to the R&R. By taking the affirmative step of not objecting, Flores "intentional[ly] relinquish[ed]" his appellate rights. Lewis, 492 F.3d at 1222. Flores's appellate challenge to both the voluntariness and factual basis of his plea, arguments never raised in the district court, is akin to an appeal directly from the magistrate judge's R&R accepting Flores's guilty plea and stating that the plea was "knowledgeable, voluntary, and supported by a factual basis." Cf. United States v. Brown, 441 F.3d 1330, (11th Cir. 2006) (holding that we lack jurisdiction to review magistrate judges' orders never appealed to the district court) (citing United States v. Brown, 342 F.3d 1245, 1246 (11th Cir. 2003); United States v. Renfro, 620 F.2d 497, 500 (5th Cir. 1980) (noting that "[t]he law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates")).[1] On this record, Flores waived his challenge to the plea colloquy

---

[1] Our conclusion that Flores waived his claim is consistent with the Court's recent interpretation of Rule 72(a) of the Federal Rules of Civil Procedure, from which Rule 59 is derived. See Fed. R. Crim. P. 59 Advisory Committee Notes (noting that Rule was "derived in part from Federal Rule of Civil Procedure 72." Like Rule 59(b)(2), Rule 72(a) gives parties "10 days after being served with a magistrate judge's order" to file objections, and provides that "a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made." Fed. R. Civ. P. 72(a). We have found appellate review waived under this Rule 72 provision. See, e.g., Smith v. Sch. Bd. of Orange County, 487 F.3d 1361, 1365 (11th Cir. 2007) ("[W]here a party fails to timely challenge a magistrate judge's nondispositive order before the district court [pursuant to Fed. R. Civ. P. 72(a)], the party waived his right to appeal those orders in this Court.").

proceedings before the magistrate judge. Accordingly, we will not review his

claim and affirm his conviction and sentence.[2]

**AFFIRMED.**

---

[2] Even if the claim was not waived and we reviewed it for plain error, as Flores urges us to do, we would affirm because "the record provides a basis for the court's finding that the defendant understood what he was admitting and that what he was admitting constituted the crime charged." United States v. Lopez, 907 F.2d 1096, 1100 (11th Cir. 1990). Although Flores made inconsistent statements during his plea colloquy, the record as a whole demonstrates that his plea was knowing and voluntary, because he understood the nature of the charges and how his conduct related to the charges. The record also established that the magistrate judge made all required factual findings. In addition to not showing error that was plain, Flores also cannot demonstrate a reasonable probability that he would have changed his plea, but for the district court's alleged error, and thus, he cannot satisfy his burden under the plain error standard of review. See United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003).