[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 8, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10918
Non-Argument Calendar

_____

D. C. Docket No. 06-00345-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NARCISO CANDELO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 8, 2008)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

A Middle District of Florida grand jury indicted appellant and three others in

Count One of possessing with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a) and (g), 21 U.S.C. § 960(b)(1)(B)(ii), and, in Count Two with conspiring to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii). The indictment included a forfeiture provision that provided appellant with notice that the United States intended to forfeit any property derived from or used to facilitate the commission of the charged offenses, as prescribed by 46 U.S.C. App. § 1904, 21 U.S.C. §§ 853(p) and 881(a), and 28 U.S.C. § 2461(c). Pursuant to a written plea agreement, appellant pled guilty to the Count One offense, and on March 5, 2007, the district court sentenced him to a prison term of 135 months. Appellant did not appeal his conviction or sentence.

On February 4, 2008, appellant moved the district court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, claiming, among other things, that his attorney had been ineffective by failing to file an appeal. The district court granted the motion and, pursuant to this court's decision in United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000), vacated the former judgment, imposed the same sentence, and entered a new judgment. This appeal

followed.

Appellant argues that his guilty plea was not knowing and voluntary because the magistrate judge did not advise him of the possibility of forfeiture and, thus, failed to comply with Rule 11 of the Federal Rules of Criminal Procedure. He also challenges the district court's judgment of forfeiture and the court's denial of a mitigating-role reduction of his base offense level in determining the applicable Guidelines sentence range. The Government counters with the argument that, in entering the plea agreement, appellant waived his right to appeal his sentence.

As a threshold matter, we conclude that appellant has waived his challenge to the plea proceeding before the magistrate judge because he failed to object to the report and recommendation the judge submitted to the district court. Rule 59 of the Federal Rules of Criminal Procedure governs matters before a magistrate judge and provides:

> Within 10 days after being served with a copy of the recommended disposition, or at some other time the court sets, a party may serve and file specific written objections to the proposed findings and recommendations. . . . Failure to object in accordance with this rule waives a party's right to review.

Fed. R. Crim. P. 59(b)(2). The waiver provision was adopted in 2005, and the advisory committee explained that the provision "is intended to establish the requirements for objecting in a district court in order to preserve appellate review

3

of magistrate judges' decisions." Fed. R. Crim. P. 59 advisory committee's notes (2005).

We recently explained the difference between waiver of a claim and forfeiture of a claim in United States v. Lewis, 492 F.3d 1219 (11th Cir. 2007) (en banc). "[W]aiver is the intentional relinquishment of a known right, whereas the simple failure to assert a right, without any affirmative steps to voluntarily waive the claim, is a forfeiture to be reviewed under the plain error standard embodied in [Fed. R. Crim. P.] 52(b)." Id. at 1222. We affirm a district court's ruling where the appellant has waived his right to challenge the ruling on appeal. United States v. Rodriguez-Velasquez, 132 F.3d 698, 698 (11th Cir. 1998).

Because appellant waived his challenge to the plea proceeding before the magistrate judge, we do not review his claim that his plea was not knowing and voluntary. Accordingly, we affirm his conviction.

Appellant argues that the district court failed to comply with Rule 32.2 of the Federal Rules of Criminal Procedure before ordering forfeiture, and erroneously denied him a mitigating-role reduction of his base offense level. The Government responds that appellant's waiver of his right to appeal his sentence was made knowingly and voluntarily and that, thus, we are precluded from reviewing his sentence.

4

We review the knowing and voluntary nature of a sentence appeal waiver de novo. United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993). A sentence appeal waiver contained in a plea agreement, made knowingly and voluntarily, is enforceable. Id. at 1350. To enforce the sentence appeal waiver, the Government must demonstrate either that (1) the district court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver. Id. at 1351. "A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues–indeed, it includes a waiver of the right to appeal blatant error." United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999).

Forfeiture procedures are governed by Rule 32.2. "[C]riminal forfeiture is part of a defendant's sentence." United States v. Gilbert, 244 F.3d 888, 924 (11th Cir. 2001); see also Fed. R. Crim. P. 32.2(b)(3). Therefore, a forfeiture error is appealable only in the context of a sentence appeal. See United States v. Peas, 331 F.3d 809, 817 (11th Cir. 2003) (holding that the government's challenge to a judgment's lack of a forfeiture order was not before the Court because the government did not appeal the defendant's sentence).

Appellant's sentence appeal waiver was knowing and voluntary, and none of

the limited exceptions to the appeal waiver applies.  Accordingly, we affirm appellant's sentence via the dismissal of his sentence appeal.  In sum, we affirm appellant's conviction and dismiss the sentence appeal.

AFFIRMED, in part; DISMISSED, in part.