[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-10536
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 17, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00288-CR-T-23-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUERINO PIERRE LOUIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 17, 2009)

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Guerino Pierre Louis appeals his conviction for

making a false claim of United States citizenship, in violation of 18 U.S.C. § 911. On appeal, Louis argues that his guilty plea before a magistrate judge is invalid because it was taken in violation of Federal Rule of Criminal Procedure 11(b) and the due process requirements of the Fifth and Sixth Amendments and thus was not knowing and voluntary.

As a threshold matter, we conclude that Louis waived his right to appellate review of his guilty plea because he did not object to the magistrate judge's report ("R&R") recommending that his guilty plea be accepted. See Fed. R. Crim. P. 59(b)(2) (requiring party to file written objections to R&R within ten days and providing that a "[f]ailure to object in accordance with this rule waives a party's right to review"); see also Thomas v. Arn, 474 U.S. 140, 155, 106 S. Ct. 466, 475 (1985) (concluding that court of appeals' waiver rule prior to adoption of Rule 59(b)(2) did not violate due process). The magistrate judge advised Louis at the plea hearing that he needed to object to the R&R within ten days to preserve his ability to "later complain the Court should not have accepted [his] guilty plea." At Louis's request, the magistrate judge repeated this point, and Louis responded that he understood. The magistrate judge reconfirmed that Louis understood that if he waited beyond ten days, it would be too late to make an objection. Louis responded that he did not think he would object. In addition, a prominent notice at the bottom of the R&R advised Louis that the "[f]ailure to file written objections to

2

the Report and Recommendation within ten (10) days from the date of its service shall bar an . . . aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge." Nonetheless, Louis did not file written objections to the R&R.

In any event, because Louis did not object, our review of the plea colloquy would be only for plain error, which Louis has not shown.[1] In accepting a guilty plea, a court must comply with Rule 11 and, in particular, must "specifically address three core principles, ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005) (quotation marks omitted). "In considering whether a Rule 11 error occurred or prejudiced a defendant, we may consider the whole record, not just the plea colloquy." Id. at 1020 n.4.

First, Louis argues that the magistrate judge failed to "expressly ask" him how he pled. This Court has concluded that the failure to obtain an express guilty

---

[1]Because Louis did not raise his constitutional and Rule 11 objections in the district court or file a motion to withdraw his guilty plea, any review would be limited to plain error. See United States v. Moriarty, 429 F.3d 1012, 1018-19 (11th Cir. 2005). Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights. Id. at 1019. "If all three conditions are met, we may exercise our discretion to recognize a forfeited error, but only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (quotation marks omitted). Furthermore, "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." Id. at 1220 (quotation marks omitted).

plea in the precise manner Louis describes is not plain error.  See id. at 1019-20.

In any event, the magistrate judge did ask Louis how he wished to plead, and Louis

clearly indicated that he was pleading guilty, as follows:

> THE COURT:     How do you wish to plead to the charge in
> Count I, sir, making that false statement in an application to register to
> vote?  How do you plead to that?  Guilty or not guilty?
> THE DEFENDANT:     Guilty, ma'am.
> THE COURT:     Guilty?
> THE DEFENDANT:     Yes, ma'am.

In addition to this exchange, the magistrate judge asked Louis whether he wished

to plead guilty several times throughout the hearing, and each time Louis

responded that he did.  Therefore, there was no error, much less plain error, as to

whether the district court elicited an unequivocal guilty plea.

Louis also argues that the magistrate judge did not ensure that he understood

the nature of the charge to which he was pleading guilty.  Rule 11 requires the

court to address the defendant in open court and, inter alia, "inform the defendant

of, and determine that the defendant understands . . . the nature of each charge to

which the defendant is pleading."  Fed. R. Crim. P. 11(b)(1)(G).  "There are no

hard and fast rules" about how to ensure that the defendant understands the charge;

rather, "[a]ny proceeding that accomplishes this goal is sufficient to satisfy the

Rule."  United States v. Jones, 143 F.3d 1417, 1419 (11th Cir. 1998).  For simple

charges, reading the indictment and giving the defendant a chance to ask questions

4

ordinarily will suffice to adequately apprise the defendant of the nature of the charge. United States v. Lopez, 907 F.2d 1096, 1099 (11th Cir. 1990). We will affirm the district court "if the record provides a basis for the court's finding that the defendant understood what he was admitting and that what he was admitting constituted the crime charged." Id.

Here, the record as a whole reveals that Louis understood the nature of the charge. The crime of making a false claim of United States citizenship is quite simple and easily understood. See 18 U.S.C. § 911. During the plea colloquy, the magistrate judge read the charge in the indictment aloud and asked Louis if he understood it. Louis responded that he did. Later, the magistrate judge outlined seriatim the elements of the offense as charged in the indictment and asked Louis whether he understood each. Again Louis responded that he did. Furthermore, Louis admitted that he in fact signed the voter registration form indicating he was a United States citizen when he knew that was not true.

Louis points out that he told the magistrate judge that he did not actually vote in an election. However, in response, the magistrate judge explained to Louis that he was not charged with illegal voting, but with making a false statement of United States citizenship on his voter registration form. Louis replied that he understood. Louis also notes that he told the magistrate judge he did not know what he was doing was a crime. The magistrate judge then asked whether Louis

had known at the time that he was not a United States citizen.  Louis answered in the affirmative, but began again to assert that he was not aware that it was a crime. At that point, defense counsel asked for a moment, and, after a pause, Louis indicated that he did not have any questions and agreed that he had committed the crime charged.[2]  Neither of these exchanges indicates that the magistrate judge failed to comply with Rule 11's requirement to ensure the defendant understands the nature of the charge.  The record as a whole shows that Louis understood what he was admitting to and that what he admitted to was the crime charged.

Finally, the record refutes Louis's claim that the magistrate judge failed to ensure he understood the immigration consequences of his plea.  The magistrate judge advised Louis that his conviction would "probably hurt [his] ability, if not prevent [his] ability to be a citizen" and that he could "face immigration consequences," after he completed his sentence, and Louis stated that he understood.

**AFFIRMED.**

---

[2]Louis admitted unambiguously that he knew he was not a United States citizen when he filled out the voter registration form.  The mens rea required to prove an 18 U.S.C. § 911 offense is knowledge that the claim of citizenship is false, not knowledge that the conduct violates the law.  See 18 U.S.C. § 911 (requiring that the defendant "falsely and willfully represent[] himself to be a citizen").  Thus, we reject Louis's argument that his statement that he did not realize he was breaking the law amounted to a claim of innocence which obligated the magistrate judge to inquire further as to Louis's state of mind.