[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-10917
Non-Argument Calendar

_____

D. C. Docket No. 07-00163-CR-T-27-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN WILCOX,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 24, 2009)

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Brian Wilcox ("Wilcox") appeals his convictions and sentences for producing, possessing, and transporting child pornography. He contends that his guilty plea was not knowing and voluntary, and that his total sentence of forty-five years of imprisonment was unreasonable. Wilcox also questions the validity of his conditions of supervised release. Finally, Wilcox asserts that his trial counsel was ineffective. After a careful review of the record and briefs, we AFFIRM both his convictions and sentences.

## I. BACKGROUND

Wilcox was charged in a three-count indictment with production of child pornography, in violation of 18 U.S.C. § 2251(a) and (2); possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4); and transportation of child pornography in interstate and foreign commerce by means of a computer, in violation of 18 U.S.C. § 2252(a)(1). At his guilty plea hearing, Wilcox stated that he intended to plead guilty but asked if he could "plead no contest or in the alternative some sort of form of altered plea." R3 at 2. The magistrate judge replied that he would not accept a no-contest plea and rejected Wilcox's request for an alternative plea. The judge then asked Wilcox whether he "still want[ed] to go forward and plead guilty," and Wilcox answered "Yes." Id. at 4. The judge informed Wilcox that:

> If at any time during the hearing you decide you don't want to plead guilty, all you need to do is let me know and the hearing will be stopped. If you do decide to plead guilty, however, and if your plea is accepted by the district judge, at that point it becomes much more difficult, if not impossible, to change your mind. Do you understand that, sir?

Id. at 5. Wilcox confirmed that he understood. The judge also asked Wilcox if he was "fully satisfied with the advice and representation" provided by his defense attorney, to which Wilcox again responded affirmatively. Id. at 10.

The government presented the following factual basis in support of the guilty plea. In February 2007, the National Center for Missing and Exploited Children reported to local law enforcement in Hillsborough County, Florida, that an individual was posting child pornography to a website server located in Denver, Colorado called Photobucket. Authorities identified that individual as Wilcox. Wilcox admitted to law enforcement agents that he took and posted on Photobucket the pornographic pictures of an eleven-year-old girl. He further admitted that the fingers seen in the images were his. Approximately one hundred and twenty images of child pornography were found on his computer and other media, including a sadistic image of a five-year-old child being vaginally penetrated.

Although Wilcox could not recall at the plea hearing the exact number of pornographic images stored on his computer, he confirmed there were more than

3

ten. He otherwise conceded the truth of the government's factual basis for the charges. The magistrate judge found that Wilcox's guilty plea was "knowing, intelligent and voluntary." Id. at 25. The judge advised Wilcox that he would have ten days to object to the magistrate judge's written recommendation that the guilty plea be accepted. Wilcox never objected to the magistrate judge's report and recommendation, which reiterated the ten-day requirement for filing a written objection. The district court subsequently accepted the guilty plea the following month.

At the sentencing hearing, Wilcox objected to a two-level sentencing enhancement based on the commission of a sexual act. The government acknowledged that the image supporting this enhancement did not reveal who was engaging in the sexual act. The district court ultimately sustained Wilcox's objection after the government advised that imposition of that sentencing enhancement would not affect the maximum sentence that Wilcox could receive under the guidelines. Wilcox then presented mitigating evidence. He argued that a fifteen-year sentence was appropriate based on his age (fifty years old), his diabetic condition, his lack of prior criminal history, and his willingness to be treated for his pornography addiction. Various family members, including his two sons, also testified that Wilcox had been a good father. In rebuttal, the government submitted

4

evidence, without objection, demonstrating that Wilcox was attempting to gain commercially from taking pictures of his victim. Included in this evidence were chat logs recovered from Wilcox's computer in which he discussed having sexual relations with a specific victim.

The district court calculated that Wilcox was eligible for a maximum total sentence of sixty years of imprisonment under the applicable statutes and sentencing guidelines. The court found that sixty years was greater than necessary, though, given Wilcox's age and medical concerns. The court thus reduced his sentence to thirty years on count one, ten years on count two, and five years on count three, for a total term of forty-five years of imprisonment. The court based Wilcox's sentence on the factors listed in 18 U.S.C. § 3553(a), including the following considerations: (1) seriousness of the crimes; (2) nature and circumstances of the offenses; (3) deterrence; (4) protection of the public; and (5) respect for the law. The court emphasized the serious nature of child pornography and the fact that it was never a victimless crime. The court further noted that one of the images on Wilcox's computer, depicting a young child wearing a dog collar while having intercourse with an adult, was the same depraved image discussed in United States v. Pugh, 515 F.3d 1179, 1193 (11th Cir. 2008).

In addition to incarceration, the district court imposed a lifetime of

5

supervised release. Two of the special conditions of the supervised release prohibit Wilcox from having any contact with a specified victim and any minor under the age of eighteen, excluding his sons, without the express permission of the probation officer.

## II. DISCUSSION

A. Voluntariness of the Guilty Plea

Wilcox first argues that his guilty plea as to count one (production of child pornography) was not knowing and voluntary. He asserts that he only wanted to plead guilty to counts two and three of the indictment but the magistrate judge incorrectly advised him that he must plead guilty to all three counts. Wilcox also maintains that his guilty plea was induced by fear, coercion, and illness.[1] We agree with the government that Wilcox has waived his challenge to the validity of his guilty plea because he failed to object to the magistrate judge's report and recommendation.

The failure to file written objections to a magistrate judge's report and recommendation within ten days after being served with the report, or by some other date set by the court, "waives a party's right to review." Fed. R. Crim. P. 59(b)(2). Because waiver constitutes an "'intentional relinquishment or

---

[1]Wilcox's appellate attorney acknowledges, however, that the record contains no evidence of coercion or illness. See Initial Brief of Appellant at 32-34.

abandonment of a known right'", waived claims are not subject to plain error review. United States v. Lewis, 492 F.3d 1219, 1221 (11th Cir. 2007) (en banc) (quoting United States v. Olano, 507 U.S. 725, 733, 113 S. Ct. 1770, 1777 (1993)). Accordingly, we have declined to review challenges to a guilty plea where the defendant did not timely object to the magistrate judge's report and recommendation. See United States v. Candelo, 292 Fed. Appx. 782, 783 (11th Cir. 2008) (per curiam); United States v. Flores, 257 Fed. Appx. 164, 166 (11th Cir. 2007) (per curiam); but see United States v. Louis, No. 08-10536, 2009 WL 368317, at *1 (11th Cir. Feb. 17, 2009) (per curiam) (concluding that defendant waived his right to appellate review by not objecting to the magistrate judge's report and recommendation, but reviewing guilty plea for plain error).

We see no reason to depart from Rule 59(b)(2) here. The magistrate judge orally advised Wilcox of the ten-day requirement at his guilty plea hearing and repeated it in her written report and recommendation. Despite this notice, Wilcox never filed any written objections to the magistrate judge's written findings that his guilty plea was knowledgeable and voluntary. He thereby intentionally waived his right to appeal those findings and we need not review his claim for plain error. See Fed. R. Crim. P. 59(b)(2); Lewis, 492 F.3d at 1221. Accordingly, we affirm his convictions.

7

B. Reasonableness of Wilcox's Sentences

Wilcox next contends that his sentences were both procedurally and substantively unreasonable. According to Wilcox, the district court committed procedural error by relying on the pre-sentence report's statements that he committed sexual acts during the commission of his child pornography offenses, even though the district court sustained his earlier objection to a sentencing enhancement based on that allegation. Wilcox asserts that the government presented no evidence of sexual acts. Wilcox also submits that the district court procedurally erred by not considering his mitigation evidence. With respect to substantive unreasonableness, Wilcox cites statistics that the median sentence given to pornography/prostitution defendants nationally is seventy-eight months whereas the median sentence in our circuit is ninety-eight months. Moreover, Wilcox disputes the district court's finding that he was a danger to the public. He concludes that his forty-five-year total sentence is plainly unreasonable for a first-time offender who is fifty years old.

We review a sentence for reasonableness "'under a deferential abuse-of-discretion standard.'" Pugh, 515 F.3d at 1189 (quoting Gall v. United States, 552 U.S. ___,128 S. Ct. 586, 591 (2007)). A sentence is procedurally unreasonable if the district court failed to calculate or incorrectly calculated the guidelines, treated

the guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed adequately to explain the chosen sentence. See id. at 1190. A sentence is substantively unreasonable if it fails to achieve the sentencing goals set forth in § 3553(a).[2] See id. at 1191. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotations marks, alterations, and citation omitted). Furthermore, the party challenging the sentence must demonstrate the unreasonableness of the sentence based on the record and the § 3553(a) factors. See id.

We find no procedural error here. Contrary to Wilcox's assertion, the government presented evidence of chat logs, admitted without objection, establishing that Wilcox had engaged in sexual relations with a victim in this case. The district court correctly considered this evidence in sentencing Wilcox. See United States v. Smith, 480 F.3d 1277, 1281 (11th Cir. 2007) (noting that a district court's sentence may be based on evidence presented during the sentencing

[2]Section 3553(a) provides that district courts must consider, among other factors, the following: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) adequate deterrence of criminal conduct; (5) protection of the public from further crimes of the defendant; (6) the applicable guideline range; and (7) avoidance of unwarranted sentencing disparities. See 18 U.S.C. § 3553(a).

9

hearing). The record also refutes Wilcox's suggestion that the district court did not adequately consider his mitigation evidence. Without this evidence, the district court would not have granted him a fifteen-year downward variance.

Wilcox's arguments as to substantive reasonableness are equally meritless. Because Wilcox was sentenced within a properly calculated guideline range, his sentence may be presumed reasonable. See Pugh, 515 F.3d at 1190. Wilcox's recitation of statistics concerning other pornography convictions does little to overcome this presumption. Without discussion of the factual circumstances of these other convictions, such "bare numbers" provide little insight into the reasonableness of his own sentence. United States v. Campbell, 491 F.3d 1306, 1317 (11th Cir. 2007) (finding unpersuasive the defendant's proffered statistics of average sentences imposed for tax crimes). We also reject Wilcox's challenge to the district court's finding that he is "a danger to young people." R4 at 60. We have recognized that the possession and distribution of child pornography "undeniably create[s] the demand for more" pornography, thereby "increasing the victimization of still more children." Pugh, 515 F.3d at 1196. The district court correctly acknowledged this fact in sentencing Wilcox. Thus, notwithstanding Wilcox's age and lack of criminal history, the seriousness of his crimes amply justified a forty-five-year sentence. See id. at 1202 (reviewing cases upholding

severe sentences for child sex offenses).  Accordingly, the district court did not abuse its discretion in sentencing Wilcox.

## C.  Special Conditions of Supervised Release

Next, Wilcox seeks clarification of the district court's grant of supervised release.  One of the special conditions of that release prohibits Wilcox from having direct contact with minors under the age of eighteen, excluding his biological sons, without the written approval of his probation officer.  Similarly, another special condition prohibits contact, including by telephone or mail, with a specific victim in this case unless the probation officer has given express permission.  Wilcox is concerned that the federal Bureau of Prisons might seek to prohibit him from having contact with that victim while he is incarcerated.  Thus, to the extent these special conditions prohibit him from contacting that victim while he is in prison, Wilcox contends they are overly broad.  He believes the district court should clarify its order and establish a set of procedures and rules regarding future contact between Wilcox and the victim.

We find no ambiguity in the district court's judgment.  The special conditions at issue apply to Wilcox's supervised release after his release from imprisonment.  During his incarceration, however, any contact with the victim will be determined by the Bureau of Prisons.  See 18 U.S.C. § 4042(a) ("The Bureau of

Prisons, under the direction of the Attorney General, shall – (1) have charge of the management and regulation of all Federal penal and correctional institutions"). If Wilcox ever wishes to challenge any decisions related to his confinement, he may do so through an administrative proceeding. See 28 C.F.R. § 542.10.

D. Ineffective Assistance of Trial Counsel

As a final matter, Wilcox contends that his counsel at the guilty plea hearing was ineffective. Wilcox's counsel on appeal disagrees and believes that any such claim appears to be frivolous. In any event, both Wilcox's appellate attorney and the government agree that the record is insufficiently developed for our review.

We will not consider on direct appeal a claim of ineffective assistance of counsel unless the record is sufficiently developed. See United States v. Merrill, 513 F.3d 1293, 1308 (11th Cir. 2008). The preferable means for raising such a claim is in a collateral proceeding under 28 U.S.C. § 2255. See id. Here, because Wilcox never raised a claim of ineffective assistance of counsel in the district court, there is insufficient evidence in the record for our review. We therefore decline to address this issue on appeal.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM Wilcox's convictions and sentences.

**AFFIRMED.**

12