[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 17, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14083
Non-Argument Calendar

_____

D. C. Docket No. 90-00133-CR-ORL-19-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD NEAL BAREFOOT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 17, 2009)

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

Richard Neal Barefoot appeals his 28-month consecutive sentence, which was imposed after the revocation of his two terms of supervised release, 18 U.S.C. § 3583(e)(3). Barefoot argues that his guilty plea to the supervised release violations was not entered intelligently and knowingly, because he was unaware that the court could impose consecutive terms of imprisonment at sentencing. He contends that his due process rights were violated by the error. The government responds that Barefoot waived his right to challenge the voluntariness of his guilty plea, because he did not file specific written objections to the report and recommendation, as required by Fed.R.Crim.P. 59(b)(2). It argues that, even if the waiver provision does not apply, Barefoot must show that the district court plainly erred, which he has failed to do. For the reasons set forth below, we affirm.

## I. Background

In 1991, Barefoot pled guilty to stealing checks from residential mailboxes, in violation of 21 U.S.C. § 1708, and executing a scheme to defraud a bank, in violation of 18 U.S.C. §§ 1344 and 2. Barefoot was sentenced to 29 months' imprisonment on each count, to run concurrently, followed by 3 years' supervised release. Also in 1991, Barefoot pled guilty to escape, in violation of 18 U.S.C. § 751, and was sentenced to 33 months' imprisonment, followed by 3 years' supervised release.

2

Barefoot completed both terms of imprisonment and was released from incarceration in October 2004. On June 25, 2007, the probation office requested that the district court revoke Barefoot's supervised release in both the check fraud case and the escape case, based on alleged violations of the conditions of his supervision. Superceding petitions for the revocation of Barefoot's supervised release, setting forth eight alleged violations, were submitted in both the check fraud and the escape case.

On June 6, 2008, a hearing on both revocations was held before a magistrate judge, at which Barefoot was represented by counsel. At the hearing, Barefoot indicated that he wished to plead guilty to violations seven and eight contained in the superceding petitions. After Barefoot was sworn in, he admitted that he violated two of the standard conditions of his supervised release. Barefoot confirmed that (1) he had an adequate opportunity to confer with counsel about the consequences of pleading guilty, and (2) he had no questions about the penalties.

The government explained that (a) the court could revoke Barefoot's supervised release and impose a term of imprisonment up to a statutory maximum of two years, but not greater than the original term of supervised release, which was three years, and (b) his guideline sentencing range was 8 to 14 months' imprisonment. After the government's explanation, the magistrate again asked

Barefoot whether he had any questions about the penalty, to which he responded, "It's 8 to 14 months, right?" The magistrate explained that the penalty could be up to the statutory maximum of two years, that the court would use the guidelines in determining his sentence, and that the court would have substantial discretion in determining his sentence. Barefoot confirmed that he was satisfied with counsel and wished to plead guilty to the two violations. The magistrate found that (1) Barefoot was competent to plead guilty and understood the consequences of pleading guilty, (2) there was a factual basis for him to plead guilty, and (3) his desire to plead guilty was knowing, informed, and voluntary.

The magistrate also issued an identical written report and recommendation for each case, "find[ing] that [Barefoot] . . . violated the terms of his supervised release," and recommending that the court "enter an Order to Show Cause why [Barefoot's] supervised release should not be revoked." The report and recommendation warned Barefoot that "[f]ailure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days of the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal." Neither party objected to the report and recommendation.

On July 10, 2008, the district court held a final revocation hearing concerning both cases. Barefoot was represented by counsel. The court first heard

4

case no. 6:90-CR-133-Orlando-19DAB (the subject of appeal No. 08-14083), adopted the report and recommendation, and found that Barefoot was guilty of violations seven and eight in the superceding petition, both of which were Grade C violations. The court noted that Barefoot's advisory guideline imprisonment range was 8 to 14 months. The statutory maximum penalty was 2 years, and 3 years was the maximum statutory term of supervised release. When the court asked for objections, neither party objected to these findings. Barefoot's counsel requested the low end of the guideline range, and that "the Court run it concurrent." After stating that it had considered the 18 U.S.C. § 3553(a) factors, the court granted the superceding petition and sentenced Barefoot to 14 months' imprisonment, followed by two years' supervised release.

The court then proceeded to conduct the final revocation hearing for case no. 6:90-CR-99-Orlando-19DAB (the subject of appeal No. 08-14084). The court again (1) adopted the report and recommendation, (2) found that Barefoot was guilty of violations seven and eight of the superceding petition, and (3) noted that the Barefoot's advisory guideline imprisonment range was 8 to 14 months, the statutory maximum penalty was 2 years, and the maximum statutory term of supervised release was 3 years. The court asked for objections to the findings, and none were raised. Barefoot's counsel requested adoption of his statement in the

prior case and again requested the sentence run concurrent. The court granted the superceding petition, noting that it had considered the factors under 18 U.S.C. § 3553 and the advisory guidelines, and sentenced Barefoot to 14 months' imprisonment, to run consecutively to the sentence imposed in case no. 6:91-CR-133-Orlando-19DAB, and two years' supervised release, coterminous with the term of supervised release in case no. 6:91-CR-133-Orlando-19DAB.

Barefoot himself asked the court to explain why he received two prison terms for the supervised release violations, even though he was originally given only one term of supervised release. The court explained that he was being sentenced in two separate cases, and the court had the ability to sentence him to consecutive prison terms for the violation of supervised release in both cases, despite the fact that his original terms of supervised release ran concurrently. Barefoot stated that when he was originally sentenced, the court made two sentences of supervised release into one term, and asserted, "when I plead guilty to the plea bargain, that was under that assumption." He further stated,

> Nobody told me anything or [defense counsel] or anybody until I walked in here today that you were going to make it – all of a sudden reverse the judgment from 18 years ago, make them two different ones now, and I was in actuality pleading out guilty to two different terms.

The district court responded by indicating that it would instruct the clerk to attach

the sentencing statement to the judgment and commitment order, informed Barefoot that he had the right to appeal, and informed him of his right to counsel on appeal.

## II. Law & Analysis

"A district judge may refer to a magistrate judge for recommendation . . . any matter that may dispose of a charge or defense. . . . The magistrate judge must enter on the record a recommendation for disposing of the matter, including any proposed findings of fact." Fed.R.Crim.P. 59(b)(1). "Within 10 days after being served with a copy of the recommended disposition . . . a party may serve and file specific written objections to the proposed findings and recommendations. . . . Failure to object in accordance with this rule waives a party's right to review." Fed.R.Crim.P. 59(b)(2). "[W]aiver is the intentional relinquishment of a known right, whereas the simple failure to assert a right, without any affirmative steps to voluntarily waive the claim, is a forfeiture to be reviewed under the plain error standard embodied in [Fed.R.Crim.P.] 52(b)." United States v. Lewis, 492 F.3d 1219, 1222 (11th Cir. 2007). The purpose of Rule 59(b)(2)'s waiver provision is "to establish the requirements for objecting in a district court in order to preserve appellate review of magistrate judges' decisions." Fed.R.Crim.P. 59, advisory committee's notes (2005).

7

In both of Barefoot's cases, the magistrate found that Barefoot was competent to plead guilty and understood the consequences of pleading guilty, and that his guilty plea was knowing, informed, and voluntary. The magistrate then issued a report and recommendation "find[ing] that [Barefoot] . . . violated the terms of his supervised release" and recommending that the court accept Barefoot's guilty plea. The report and recommendation clearly stated that "[f]ailure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days of the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal." Although the report and recommendation did not specifically reference the knowing and voluntary nature of Barefoot's guilty pleas, Barefoot was on notice that he was required to file objections to the report and recommendation if he wished to challenge the finding that he violated his supervised release or the recommendation that the court accept his guilty plea. Barefoot failed to file any objections and, therefore, he has waived his challenge to the plea proceeding before the magistrate judge.[1]

_____

[1] We have no published cases applying Rule 59(b)(2)'s waiver provision to guilty plea challenges. The government relies on three unpublished cases in which the waiver has been applied to such challenges, although none of these cases involved supervised release revocations. See United States v. Flores, 257 Fed.Appx. 164, 165-66 (11th Cir. 2007); United States v. Louis, 312 Fed.Appx. 240, 241-42 (11th Cir. 2009); United States v. Candelo, 292 Fed.Appx. 782, 783 (11th Cir. 2008).

Even if the issue is not waived, Barefoot's arguments are unavailing. An issue raised for the first time on appeal is reviewed for plain error, and requires a showing of (1) error, (2) that is plain and obvious, and (3) that affects substantial rights. United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). We will correct such an error only if the error seriously affects the "fairness, integrity or public reputation of judicial proceedings." Id.

In Boykin v. Alabama, the Supreme Court held that a trial court, before accepting a defendant's guilty plea, must affirmatively determine that the plea was entered intelligently and voluntarily. Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). Fed.R.Crim.P.11 sets forth specific procedures that a district court must follow before accepting a guilty plea; however, the requirements of Fed.R.Crim.P. 11 are inapplicable to revocation proceedings. See Fed.R.Crim.P. 11; United States v. Johns, 625 F.2d 1175, 1176 (5th Cir. Unit B 1980) (involving probation revocation). Our predecessor in Johns found it unnecessary to decide whether the due process protections in Boykin should extend to probation revocations, concluding that any error was harmless. Johns, 625 F.2d at 1176. In the parole revocation context, however, the Supreme Court has held that due process requires (a) written notice of the claimed violations, (b) disclosure of the evidence against the person, (c) an opportunity to

9

be heard and present evidence in person, (d) the right to confront and cross-examine witnesses, (e) a "neutral and detached" hearing body, and (f) a written statement identifying the evidence relied upon and the reasons for revoking supervision. Morrissey v. Brewer, 408 U.S. 471, 488-89, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972). Moreover, we have extended the "protections granted those facing revocation of parole [to cover] those facing the revocation of supervised release." United States v. Copeland, 20 F.3d 412, 414 (11th Cir. 1994). Further, Fed.R.Crim.P. 32.1, addressing revocation of supervised release, "incorporates these same minimal due process requirements." United States v. Frazier, 26 F.3d 110, 114 (11th Cir. 1994).

Although Barefoot himself objected to his sentence at the sentencing hearing based on his understanding that the sentences would run concurrently, neither Barefoot nor counsel objected that imposing consecutive sentences violated due process. Accordingly, the district court did not have an opportunity to address this argument, and we review Barefoot's due process claim only for plain error. See United States v. Cosgrove, 73 F.3d 297, 303 (11th Cir. 1996) (holding that the defendant failed to preserve a due process objection to a sentencing policy, because "[s]imply saying that something is 'unfair' does not suggest that it violates due process").

Barefoot has failed to show that the district court's failure to inform him that it could impose consecutive sentences constituted plain error. First, Fed.R.Crim.P. 11 does not apply to revocation of supervised release proceedings. See Johns, 625 F.2d at 1176. Second, no binding case law addresses whether Boykin's requirement that a plea be entered knowingly and voluntarily applies in the context of revoking supervised release. See United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003) (holding that there can be no plain error where neither we nor the Supreme Court has addressed an issue). Finally, the hearings before the magistrate judge and the district court complied with the due process requirements set forth in Morrissey and Fed.R.Crim.P. 32.1, which do not specifically require the court to inform a defendant that multiple prison terms may run consecutively. Accordingly, Barefoot has failed to show plain error and we affirm his sentences.

**AFFIRMED.**