[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2012
JOHN LEY
CLERK

No. 11-14107
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-20238-JLK-1


UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,


                            versus


EMILIO SUAREZ,

                                                    Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 16, 2012)

Before DUBINA, Chief Judge, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Emilio Suarez appeals his consecutive 24-month sentences, imposed for his offenses of use of unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2), and aggravated identity theft, in violation of 18 U.S.C. § 1028(a)(1). On appeal, Suarez argues that his 48-month total sentence should be vacated because the district court denied him the right of allocation. Suarez concedes that he did not object to his sentence below.

Where the defendant fails to object to an error, we review for plain error only. *United States v. Perez*, 661 F.3d 568, 583 (11th Cir. 2011), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. Mar. 05, 2012) (No. 11-9238). Under the plain error standard, we will reverse only if: (1) there is error; (2) that is plain; (3) that affected the defendant's substantial rights; and (4) seriously affected the fairness, integrity, or public reputation of a judicial proceeding. *Id.*

Before imposing a sentence, the court must address the defendant and allow him to speak in mitigation of his sentence. Fed.R.Crim.P. 32(i)(4)(A)(ii). Because the district court is required to offer a defendant the opportunity to allocute, failure to do so constitutes plain error. *United States v. Prouty*, 303 F.3d 1249, 1252 (11th Cir. 2002). However, such error affects a defendant's substantial rights only where the possibility of a lower guidelines sentence exists. *Id.* at 1252-53; *see*

*also Perez*, 661 F.3d at 586. *Prouty* states that there can be no relief where the defendant receives "the lowest sentence available within the applicable guideline range." *Prouty*, 303 F.3d at 1253; *see also United States v. Quintana*, 300 F.3d 1227, 1232 (11th Cir. 2002) (finding no manifest injustice because the defendant received the "lowest term of imprisonment permissible under the guidelines"); *United States v. Rodriguez-Velasquez*, 132 F.3d 698, 700 (11th Cir. 1998) (finding no manifest injustice where the defendant "was given the lowest possible sentence within the Guidelines").

Although the record supports that the district court denied Suarez his right to allocute, we conclude that Suarez's substantial rights were not affected by that error. Our precedent does not require that a defendant receive the lowest sentence imaginable, only "the lowest sentence available within the applicable guideline range." *Prouty*, 303 F.3d at 1253. Suarez received the lowest sentence under his applicable guideline range, and thus, there was no reversible error. Accordingly, we affirm Suarez's sentence.

**AFFIRMED.**