[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 7, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13740
Non-Argument Calendar

_____

D. C. Docket No. 06-00100-CR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATHANIEL CULLARS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(April 7, 2008)**

Before BARKETT, MARCUS   and WILSON, Circuit Judges.

PER CURIAM:

Nathaniel Cullars, Jr., appeals his conviction for possession with intent to

distribute more than five grams of cocaine base in violation of 21 U.S.C. 841(a)(1). On appeal, Cullars argues that the district court erred in denying his motion to suppress evidence of contraband seized during a traffic stop and subsequent search of his person. He submits that the officer did not have probable cause to reach inside his vehicle and forcibly remove an object from his hand because its incriminating nature was not immediately apparent.

Ordinarily, "[r]eview of a district court's denial of a motion to suppress is a mixed question of law and fact." United States v. Delancy, 502 F.3d 1297, 1304 (11th Cir. 2007). Accordingly, we accept the district court's factual findings as true unless clearly erroneous, and review the district court's interpretation and application of the law de novo. Id. The defendant's failure to object to a magistrate judge's report and recommendation limits appellate review of factual findings to plain error or manifest injustice, but does not limit our review of legal conclusions. United States v. Warren, 687 F.2d 347, 348 (11th Cir. 1982).

In general, unless there is consent, police officers must obtain a warrant supported by probable cause to justify a search under the Fourth Amendment. United States v. Magluta, 418 F.3d 1166, 1182 (11th Cir. 2005). Further, warrantless searches are presumptively unreasonable. United States v. Gordon, 231 F.3d 750, 754 (11th Cir. 2000). However, an officer may frisk or pat-

down an individual in order to conduct a limited search for weapons where the officer has reason to believe that the individual is armed and dangerous. Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968). "Once an officer has legitimately stopped an individual, the officer can frisk the individual so long as a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." United States v. Hunter, 291 F.3d 1302, 1306 (11th Cir. 2002) (internal quotations omitted). The search must be reasonably limited in scope to protecting the officer by disarming a potentially dangerous individual. Gov't of Canal Zone v. Bender, 573 F.2d 1329, 1331 (5th Cir. 1978). If an officer observes an object of immediate incriminating character from a lawful location and with lawful right of access to that object, he may lawfully seize the object without a warrant. United States v. Smith, 459 F.3d 1276, 1290 (11th Cir. 2006), cert. denied, 127 S.Ct. 990 (2007).

Upon review of the record and consideration of the parties' briefs, we discern no error. Because the search at issue was necessitated by reasonable concerns for officer safety, the district court did not err in denying Cullars's motion to suppress. An officer stopped Cullars's vehicle for violating a noise ordinance, and during the stop, officers observed Cullars reach into the backseat of the car to obtain a shiny plastic object, which Cullers refused to relinquish. We

3

find no clear error in the district court's determination that the officer had reasonable suspicion to seize the object from Cullars's hand based on Cullars's suspicious movements, Cullars's response to the officer's questions regarding the object in his hand, and the officer's belief that the object in Cullars's hand could be a weapon. [1]

Additionally, Cullars argues that the district court erred in granting the government's motion in limine, precluding the introduction of evidence related to an alleged dispute between Cullars's father and the arresting officer. He maintains that the evidence supported his theory that officers planted the contraband in his vehicle and were untruthful in their rendition of the facts.

We review a district court's grant of a government's motion in limine for abuse of discretion. United States v. Thompson, 25 F.3d 1558, 1563 (11th Cir. 1994). "An abuse of discretion arises when the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." United States v. Baker, 432 F.3d 1189, 1202 (11th Cir. 2005). "An erroneous evidentiary ruling will result in reversal only if the resulting error was not harmless." United States v. Hands, 184

---

[1] The concealed item turned out to be a plastic bag containing cocaine and cocaine base. A subsequent search of the vehicle resulted in the seizure of a pouch containing suspected cocaine and cocaine base.

F.3d 1322, 1329 (11th Cir. 1999).  "An error is harmless unless there is a reasonable likelihood that [it] affected the defendant's substantial rights."  Id. (internal quotations omitted).

Upon review of the record and the parties' briefs, we find that the district court did not err in granting the government's motion in limine to preclude evidence of a dispute between Cullars's father and the arresting officer because it was not relevant to the charged offense.

**AFFIRMED.**