[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 8, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10873
Non-Argument Calendar
_____

D. C. Docket No. 08-00005-CR-FTM-99DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTURO ELISEO MARTINEZ-BARRERA,
a.k.a. Arturo Martinez-Berrera,
a.k.a. Apples,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 8, 2009)

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Arturo Eliseo Martinez-Barrera appeals his conviction and 151-month sentence for conspiracy to possess with intent to distribute at least 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vii) and 18 U.S.C. § 2.

On appeal, Martinez-Barrera challenges the voluntariness of his guilty plea. The magistrate judge conducted the plea colloquy and issued a report ("R&R") recommending that the district court accept Martinez-Barrera's guilty plea to Count 1. Martinez-Barrera filed no objections, and the district court accepted his plea. On appeal, Martinez-Barrera argues that the magistrate judge did not advise him of the consequences of his guilty plea, in violation of Federal Rule of Criminal Procedure 11, and thus his guilty plea should be set aside.[1]

We lack jurisdiction to review the validity of Martinez-Barrera's guilty plea because he did not file a written objection to the magistrate judge's R&R. See Fed. R. Crim. P. 59(b)(2) (providing that the failure to file a written objection to the magistrate judge's proposed findings and recommendations with regard to a

---

[1]Specifically, Martinez-Barrera argues that the magistrate judge did not explain to him the sentencing differences in pleading guilty to an offense involving a 1,000-kilogram drug quantity as opposed to an offense involving a 100-kilogram drug quantity. Martinez-Barrera was originally charged with conspiring to possess with intent to distribute at least 1,000 kilograms of marijuana (Count 1), conspiring to import into the United States at least 100 kilograms of marijuana (Count 2), and possessing with intent to distribute at least 100 kilograms of marijuana (Count 3). In exchange for his guilty plea to Count 1, which contained the 1,000-kilogram drug quantity, the government dismissed Counts 2 and 3, which contained the 100-kilogram drug quantity.

dispositive matter "waives a party's right to review").[2]  Thus, Martinez-Barrera's

conviction is affirmed.  See United States v. Rodriguez-Velasquez, 132 F.3d 698,

698 (11th Cir. 1998) (explaining that we affirm the district court's ruling if the

defendant waived his right to appeal and no manifest injustice occurred).

Martinez-Barrera also argues that his sentence is substantively unreasonable

under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).  However,

Martinez-Barrera's plea agreement contained a sentence-appeal waiver, which

stated that Martinez Barrera "waive[d] the right to appeal [his] sentence or to

challenge it collaterally on any ground" so long as the sentence: (1) was not above

the court-determined advisory guidelines range; (2) did not exceed the statutory

maximum sentence; and (3) did not violate the Eighth Amendment.

None of the circumstances under which Martinez-Barrera reserved his right

to appeal his sentence has occurred.  Martinez-Barrera's 151-month sentence fell

within the court-determined advisory guidelines range of 151 to 188 months

imprisonment and did not exceed the statutory maximum of life imprisonment for

his offense, see 21 U.S.C. § 841(b)(1)(A).  On appeal, Martinez-Barrera does not

---

[2]Indeed, according to the R&R, Martinez Barrera "waived the ten day objection period to this Report and Recommendation."  Even if this issue were not waived, our review would be for plain error, which Martinez-Barrera has not shown.  See United States v. Clark, 274 F.3d 1325, 1326 (11th Cir. 2001) (applying plain error review prior to adoption of Rule 59(b)).  The magistrate judge explained to Martinez-Barrera the consequences of pleading guilty by informing him of the penalties for pleading guilty and the rights that he was waiving by pleading guilty.

argue that his sentence violated the Eighth Amendment. Furthermore, the language of the sentence-appeal waiver is broad enough to encompass a reasonableness challenge. See United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005) (explaining that broad language in an appeal waiver may include an appeal based on Booker). Therefore, if enforceable, Martinez-Barrera's sentence-appeal waiver precludes review of his reasonableness claim.

Martinez-Barrera argues that his sentence-appeal waiver is invalid because the district court failed to adequately explain the appeal waiver during his plea colloquy.[3] A sentence-appeal waiver must be knowing and voluntary and will be enforced if the government shows either that: (1) the district court specifically questioned the defendant about the waiver; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. United States v. Bushert, 997 F.2d, 1343, 1350-51 (11th Cir. 1993).

Here, during the plea colloquy, the magistrate judge specifically discussed the sentence-appeal waiver and its exceptions with Martinez-Barrera. Martinez-Barrera stated under oath that he understood the sentence-appeal waiver. We apply a strong presumption that Martinez-Barrera's statement under oath that he understood the sentence-appeal waiver in his plea agreement was true, and

_____

[3]We review de novo whether an appeal waiver was knowing and voluntary and thus enforceable. United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993).

4

Martinez-Barrera has failed to meet the heavy burden to show otherwise. <u>See</u> <u>United States v. Medlock</u>, 12 F.3d 185, 187 (11th Cir. 1994); <u>United States v. Rogers</u>, 848 F.2d 166, 168 (11th Cir. 1988).

Because Martinez-Barrera knowingly and voluntarily entered into his sentence-appeal waiver, the sentence-appeal waiver is enforceable. Thus, we do not address Martinez-Barrera's reasonableness argument and dismiss his appeal of his sentence.

**AFFIRMED IN PART; DISMISSED IN PART.**