[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11533
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 9, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00148-EAK-EAJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCOS APONTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 9, 2012)

Before TJOFLAT, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Marcos Aponte pled guilty to possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2), and attempting to transfer obscene material to a minor, in violation of 18 U.S.C. § 1470. Aponte now appeals his convictions and 121-month total sentence, arguing the district court erred by (1) allowing his conviction under 18 U.S.C. § 1470, even though no individual actually under the age of 16 received any obscene material, (2) imposing a lifetime term of supervised release in violation of the Eighth Amendment, and (3) assessing a five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B) for exchanging child pornography for something of value.

## I.

Aponte argues the district court committed plain error by accepting his guilty plea for violating 18 U.S.C. § 1470[1] because the recipient of the obscene material he transferred was an undercover officer, not an individual actually under the age of 16. Aponte concedes, however, that he did not timely object to the magistrate judge's recommendation that the district court accept his guilty plea.

---

[1] Section 1470 states, in relevant part, "Whoever . . . knowingly transfers obscene matter to another individual who has not attained the age of 16 years, knowing that such other individual has not attained the age of 16 years, or attempts to do so," shall be fined or imprisoned or both. 18 U.S.C. § 1470.

Rule 59 of the Federal Rules of Criminal Procedure provides that the failure to object to a magistrate judge's findings and recommendations "waives a party's right to review." Fed. R. Crim. P. 59(b)(2). Although Aponte claims that Rule 59(b)(2) governs only a party's right to review in district court, the Advisory Committee explains that the rule's "waiver provision is intended to establish the requirements for objecting in a district court in order to preserve *appellate review* of magistrate judges' decisions." Fed. R. Crim. P. 59 advisory committee's note (2005) (emphasis added). Here, Aponte waived this challenge by failing to object to the magistrate judge's recommendation that the district court accept the guilty plea.[2] Accordingly, we affirm the conviction without reaching the merits of Aponte's argument.[3]

---

[2] Prior to the adoption of Rule 59(b)(2) in 2005, this Court held that a failure to object to a magistrate judge's recommendation "limits the scope of appellate review of factual findings to plain error or manifest injustice but does not limit review of legal conclusions." *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982). Since the adoption of Rule 59(b)(2), however, panels of this Court have found that a failure to object to a magistrate judge's recommendation that the district court accept a guilty plea constitutes a waiver. *See, e.g., United States v. Martinez-Barrera*, 348 F. App'x 533, 534 (11th Cir. 2009) (unpublished); *United States v. Granados-Gutierrez*, 356 F. App'x 307, 309 (11th Cir. 2009) (unpublished); *United States v. Flores*, 257 F. App'x 164, 165-66 (11th Cir. 2007) (unpublished); *but see United States v. Cullars*, 272 F. App'x 820, 821 (11th Cir. 2008) (unpublished) (relying on pre-2005 case law, rather than Rule 59).

[3] We note that Aponte's appeal would fail on the merits, even if Aponte had not waived this challenge. "It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003). In this case, neither the "explicit language" of § 1470 nor

3

## II.

Aponte next argues his lifetime term of supervised release constitutes cruel and unusual punishment in violation of the Eighth Amendment.[4] Because Aponte did not raise an Eighth Amendment objection in the district court, we review his sentence for plain error. *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005).

The Eighth Amendment provides that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. While Aponte identifies several factors, such as his Asperger's Syndrome, that may make his sentence particularly burdensome, he does not cite any law establishing that the district court plainly erred by imposing a lifetime term of supervised release under these circumstances. Accordingly, Aponte's argument fails.

---

precedent interpreting § 1470 indicates that the district court plainly erred in accepting Aponte's guilty plea.

[4] As part of his plea agreement, Aponte waived his right to appeal his sentence, subject to several specific exceptions, one of which permits an appeal on Eighth Amendment grounds.

## III.

Finally, Aponte claims the district court erred in imposing a five-level sentencing enhancement under U.S.S.G. § 2G2.2(b)(3)(B). The Government, in response, moves for partial dismissal of this appeal, arguing that Aponte waived his right to appeal this issue as part of his plea agreement.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver is valid as long as it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). For a sentence appeal waiver to be valid, the government must show that: (1) the district court specifically questioned the defendant about the waiver or (2) the record makes it "manifestly clear" that the defendant otherwise understood the full significance of the waiver. *Id.* at 1351.

Aponte does not dispute that his challenge to the five-level enhancement falls within the scope of the appeal waiver contained in his plea agreement, nor does he claim that the district court failed to question him specifically about the waiver. He argues only that he should be permitted to appeal his sentence enhancement because (1) the district court judge told him, "You can make your argument to the 11th Circuit" regarding the enhancement, and (2) the plea agreement did not specify a guideline range for his sentence.

A statement from a sentencing court suggesting that a defendant can or should appeal a sentence has no effect on the terms of a prior appeal waiver. *United States v. Howle*, 166 F.3d 1166, 1168-69 (11th Cir. 1999); *see also United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006) (stating that an appeal waiver "cannot be vitiated or altered by comments the court makes during sentencing"). Accordingly, the district court's remark that Aponte could appeal the sentencing enhancement does not invalidate his appeal waiver.

Aponte argues that even if the district court's statement did not invalidate the appeal waiver, the Government's failure to object to the statement demonstrates an intent to invalidate the appeal waiver, or in the alternative, constitutes a waiver of the Government's right to seek dismissal of the appeal. Aponte's position, however, is at odds with the law of this Circuit. *See Howle*, 166 F.3d at 1168-69 (enforcing appeal waiver and dismissing appeal, where Government failed to object following district court's statement inviting defendant to appeal).

Aponte also claims that he should be permitted to appeal his sentencing enhancement because the plea agreement did not specify a guideline range for his sentence. He suggests that he could not have knowingly and voluntarily entered into an appeal waiver without a specific guideline range in place. Aponte,

however, accepted the appeal waiver knowing that the plea agreement contained no specific guideline range. The language of the plea agreement makes clear that the applicable guideline range would be determined by the district court judge at a later time. Moreover, when the magistrate judge at Aponte's plea hearing asked whether he understood that the sentencing "judge has the sole discretion to impose whatever sentence the judge thinks is authorized," Aponte answered in the affirmative. As a result, we find that Aponte knowingly and voluntarily entered into the appeal waiver and accordingly dismiss his appeal of the five-level sentencing enhancement.

**AFFIRMED IN PART AND DISMISSED IN PART.**